IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MORRIS DEAN DAVIS**                                                                                **PLAINTIFF**

V.                                     Case No. 3:15-CV-03097

**JOHN RUSSO, Attorney, Baxter
County Public Defenders' Office**                                                      **DEFENDANT**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Morris Dean Davis under the provisions of 42 U.S.C. § 1983. Davis proceeds *pro se* and *in forma pauperis*. He is incarcerated in the Cummins Unit of the Arkansas Department of Correction.

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Davis was represented by Defendant John Russo in a criminal matter before the Boone County Circuit Court. Davis believes he was tricked or deceived into entering a guilty plea on January 14, 2013, by his public defender, Russo. Davis contends that he thought he was pleading guilty to a lesser charge of manslaughter. Ultimately, Davis was sentenced to ten years in prison and

argues that, as a result of his conviction, he lost his farm and other property valued at between $150,000 and $170,000.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the Court bears in mind that when "evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In the case at bar, Davis has attempted to state claims against his defense attorney, a Baxter County Public Defender, pursuant to 42 U.S.C. § 1983. In evaluating a § 1983 action, the following two elements of the cause of action must be assessed: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Here, Davis has failed to state a claim against Russo because a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to an indigent defendant in state criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim

against public defenders under § 1983). For these reasons, Davis's Complaint lacks an arguable basis in law and fact and is frivolous.

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, it is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) *(in forma pauperis action may be dismissed at any time due to frivolousness or for failure to state a claim)*.

**IT IS SO ORDERED** on this 10th day of February, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE